**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **XTERA COMMUNICATIONS, INC.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 4:11-cv-123 |
| | § | |
| **TELCORE SYSTEM CO., LTD.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Xtera Communications, Inc. (hereafter, "Xtera") files this Original Complaint (hereafter, the "Complaint"), and states as follows:

**I.
PARTIES**

1. Xtera is a Delaware corporation with its principal place of business in Allen, Texas.

2. Defendant Telcore System Co., Ltd. ("Telcore") is a South Korean company with its principal place of business at: 245-13 Gocheon dong (Street), Uiwang-Si (City), Gyeonggi-do (Province), Republic of Korea (Country), 437-801 (Zip). Xtera will serve Telcore with process in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

**II.
JURISDICTION AND VENUE**

3. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Xtera and Telcore are citizens of different states or countries and the amount in controversy

exceeds the sum or value of $75,000.00, exclusive of interest and costs.  For purposes of diversity jurisdiction, Xtera is a citizen of Delaware, and Telcore is citizen of South Korea.

4.  This Court has specific personal jurisdiction over Telcore because Telcore has purposefully availed itself of the benefits and protections of the laws of Texas by initiating negotiations and contracting with Xtera in Texas.  Xtera executed and performed a substantial part of the contract in Texas, and Telcore knew that it would receive commercial gain through such contract and knew that the injury from its unlawful acts would be felt primarily by Xtera in this venue.

5.  Venue in this district is appropriate based upon 28 U.S.C. § 1391.  Xtera maintains its principal place of business in Allen, Texas and, at all relevant times, Xtera provided services and took orders for shipment of products to Telcore from Xtera's office in Allen, Texas.  Consequently, a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

### III.
### FACTS COMMON TO ALL COUNTS

6.  Xtera creates, packages, and delivers products relating to bandwidth management and traffic shaping solutions.

7.  On November 3, 2009, Telcore issued Purchase Order 2009_11_0301 (the "Purchase Order") to Xtera for the purchase of certain products in the amount of $1,899,653.52.  A true and correct copy of the Purchase Order is attached hereto as Exhibit A.  The Purchase Order identifies the offer to purchase products, the quantity, and the price for the products.

8.  Xtera accepted the Purchase Order, and upon Telcore's request, Xtera divided the Purchase Order into two shipments.  On December 31, 2010, Xtera shipped a portion of the Purchase Order while it prepared the remainder of the products for shipment.  The products were

of the quantity, quality and description required by the Purchase Order and were contained or packaged in the manner required by the Purchase Order.

9. On June 29, 2010, Xtera attempted to ship the remaining products identified in the Purchase Order to fulfill its obligations. Telcore, however, then informed the shipping agent that it would refuse and return the shipment from Xtera.

10. To date, Telcore has not made payment or provided a letter of credit for the products identified in the Purchase Order.

11. Because Telcore failed to adequately respond to Xtera's demand for payment, Xtera was forced to retain counsel for this matter. On July 28, 2010, counsel for Xtera sent a demand letter requesting payment of the outstanding amount owed for the products of $1,899,653.52, excluding interest. A true and correct copy of the demand letter is attached hereto as Exhibit B. Telcore has again failed to respond to Xtera's demand.

## IV.
## COUNT I—BREACH OF CONTRACT

12. Xtera incorporates the foregoing paragraphs by reference.

13. Xtera and Telcore have a valid and enforceable contract for the sale of the products identified in the Purchase Order. Telcore submitted the Purchase Order, and Telcore was obligated to accept shipment of the products and provide payment for the products per the Purchase Order. Telcore has refused to make payment and accept shipment of these goods, and thus has breached or repudiated that contract.

14. The amount of the contract is $1,899,653.52, excluding interest.

15. Xtera has fulfilled all of its obligations under the Purchase Order.

16. Xtera has demanded that Telcore pay the amounts due and owing, but Telcore has refused and failed to do so.

17. Xtera has been directly and proximately damaged in the amount of $1,899,653.52, plus accruing interest, by Telcore's failure to pay Xtera amounts owed pursuant to the terms of the parties' agreement.

18. All conditions precedent to Xtera's claim have been performed or have occurred.

## V.
## COUNT II—SWORN ACCOUNT

19. Xtera incorporates the foregoing paragraphs by reference.

20. In the alternative, Xtera will show that its claim against Telcore is for a liquidated money demand based on a written contract on which a systematic record has been kept. This claim by Xtera is just and true, it is due and owing, and all just and lawful offsets, payments and credits have been allowed.

## VI.
## ATTORNEYS' FEES

21. Xtera was forced to retain legal counsel in an effort to collect the amounts due and owing from Telcore.  In this connection, Xtera employed DLA Piper LLP (US) to represent it and agreed to pay it reasonable attorneys' fees for their services.  Xtera made written demand for payment, and Telcore is liable for reasonable and necessary attorneys' fees under Texas Civil Practices and Remedies Code § 38.001.

## VII.
## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Plaintiff Xtera Communications, Inc. prays for judgment in its favor and against Defendant Telcore Systems Co., Ltd. for actual damages in an amount not less than $1,899,653.52, plus prejudgment and post-judgment interest as allowed by law, costs of suit, including attorneys' fees, and such other relief as the Court deems just and appropriate.

Dated:  March 11, 2011          Respectfully submitted,

                                           **DLA PIPER LLP (US)**

                                       By:   /s/ Jennifer A. Lloyd
                                               JENNIFER A. LLOYD
                                               Bar No. 24013050
                                               SRINIVAS BEHARA
                                               Bar No. 24042902
                                               401 Congress Avenue, Suite 2500
                                               Austin, TX  78701
                                               Tel: 512.457.7000
                                               Fax: 512.457.7001

                                               ATTORNEYS FOR PLAINTIFF
                                               Xtera Communications, Inc.